STATE OF CONNECTICUT *v.* LEONARD T. SHUCK
(AC 28923)

Flynn, C. J., and Gruendel and Hennessy, Js.

Argued October 30, 2008—officially released January 27, 2009

*Norman A. Pattis,* with whom, on the brief, was *Jason M. Lipsky,* for the appellant (defendant).

*Melissa Patterson,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Karen Lee Diebolt,* deputy assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Leonard T. Shuck, appeals from the judgment of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32. On appeal, the defendant claims that the court violated his constitutional right to due process by failing to give him full access to his probation file. He also claims prosecutorial impropriety, alleging that the prosecutor did not inform the court of a prior order of the court that conducted pretrial proceedings concerning the availability of the probation file. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On November 17, 2004, the defendant was sentenced by

the court to one year imprisonment, execution suspended, and three years probation. On or about September 11, 2006, the defendant was arrested pursuant to a warrant for failing to report to his probation officer on five separate occasions in violation of the conditions of his probation. During the pretrial stage of the violation of probation proceeding, the defendant had been represented by counsel; however, the court permitted counsel to withdraw his representation. After a three week continuance for the defendant to hire another attorney, the defendant went forward pro se, with a public defender acting as standby counsel. After the court canvassed the defendant regarding self-representation, the defendant expressed concern over not having been given access to his probation file. In response to the defendant's concern, the court stated that at the defendant's next appearance in court, "[t]he whole file will be here. And, [addressing the prosecutor], to the extent, if that's something that's going to be relied upon by the witness, have [your] witness bring it on [April 26, 2007] for the legal hearings. Okay? So, that way, [the defendant] can also get copies of any particular pages, if necessary."[1]

At the next status conference, before a different judge, the defendant again expressed his concern over the probation file. The court in response stated that the file would be in court at the hearing but repeatedly explained the confines of the violation of probation hearing, stating that it was going to hear testimony regarding only the failure to report, but if there was more to the case, it would allow access to the file on those issues.

Throughout the three day violation of probation hearing, the defendant asked the three probation officers who testified as to his failure to report as ordered if

---

[1] The defendant did not file any motions for discovery.

certain items, such as the transcript from the underlying sentencing and letters he had written to probation officers, were in the file. The court ruled that such items were irrelevant to the determination of whether the defendant failed to report to his probation officer on the alleged dates. The court found that the defendant failed to report on the five dates alleged and sentenced him to one year imprisonment, execution suspended after thirty days, and one year of probation with conditions. This appeal followed.

The defendant first claims that his right to due process of law was violated at the probation revocation hearing. Specifically, he claims that his rights were violated when he was not given access to the probation file after a court had ordered that he have such access and when the court allowed witnesses to testify as to the dispositional phase of the probation hearing prior to a determination of liability in the evidentiary phase.[2] The state argues that the court never ordered that the defendant be given unlimited access to the probation file and that he was not prevented from presenting evidence in a logical manner. We agree.

"[T]he due process clause of the fourteenth amendment to the United States constitution requires that certain minimum procedural safeguards be observed in the process of revoking the conditional liberty created by probation." (Internal quotation marks omitted.) *State v. Roy D.*, 95 Conn. App. 686, 693, 897 A.2d 733, cert. denied, 280 Conn. 904, 907 A.2d 94 (2006). "Probation

[2] Our Supreme Court has "recognized that revocation of probation hearings, pursuant to [General Statutes] § 53a-32, are comprised of two distinct phases, each with a distinct purpose. . . . In the evidentiary phase, [a] factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. . . . In the dispositional phase, [i]f a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served." (Citations omitted; internal quotation marks omitted.) *State v. Preston*, 286 Conn. 367, 375–76, 944 A.2d 276 (2008).

itself is a conditional liberty and a privilege that, once granted, is a constitutionally protected interest. . . . The revocation proceeding must comport with the basic requirements of due process because termination of that privilege results in a loss of liberty. . . . [T]he minimum due process requirements for revocation of [probation] include written notice of the claimed [probation] violation, disclosure to the [probationer] of the evidence against him, the opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and cross-examine adverse witnesses in most instances, a neutral hearing body, and a written statement as to the evidence for and reasons for [probation] violation." (Citation omitted; internal quotation marks omitted.) *State* v. *Gauthier*, 73 Conn. App. 781, 789, 809 A.2d 1132 (2002), cert. denied, 262 Conn. 937, 815 A.2d 137 (2003).

A thorough review of the transcripts reveals that the defendant did not file any discovery motions and never clearly asked for complete access to his probation file. The court never ordered that the defendant be given complete access to the file; rather, the order was for the file to be brought to court so that the defendant could have access to relevant material contained in it. Further, the defendant was given copies of the arrest warrant and affidavit, and, additionally, he had copies of the order of probation and the conditions of probation, which were the only two exhibits that the prosecutor put into evidence. The court repeatedly informed the defendant of the essential elements that the court was considering in the case and that it would not get into facts that were immaterial. The defendant does not claim that any of the material in the probation file was exculpatory and that disclosure therefore was required pursuant to *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

The defendant claims prosecutorial impropriety because the prosecutor did not alert the court to a prior ruling on the probation file. Because we find, however, that there was no order from the court allowing the defendant unlimited access to his probation file, we further find that the prosecutor did not act improperly in not reporting such a falsity to the court, as the defendant claims.

The presentation of witnesses testifying regarding the second stage[3] of the violation of probation proceeding also did not violate the defendant's due process rights because he was still afforded the opportunity for cross-examination of the witnesses, and he does not claim that the order of presentation affected the outcome. The evidence was overwhelming and uncontroverted that the defendant failed to meet with his probation officer on five occasions after he had been told to report, and the violation of probation proceeding complied with the requirements of the fourteenth amendment.

The judgment is affirmed.

---

[3] We note that this case was tried to the court and that during the state's case-in-chief, the court suggested hearing testimony as to the second phase rather than potentially having to call the witnesses back for another day of testimony. The state had no objection, and the defendant claimed only that the testimony of his probation officer was irrelevant to the second phase determination, but the defendant did not object. The court, however, did not hear second phase evidence at that time, due to the defendant's concerns. The second phase testimony was taken "out of order" during the defendant's case-in-chief because his questions concerned phase two issues, well beyond the scope of the first phase. The defendant also presented his girlfriend to testify about second phase issues before the end of the first phase.